Scott D. Baker
Emily B. Kirsch (EB 4216)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Plaintiff

Of Counsel:
William R. Overend

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PALADYNE SYSTEMS, INC., a Delaware Corporation,

        Plaintiff,

v.

STPENABLE, LTD., a United Kingdom Company,

        Defendant.

Case No.:

---

**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST STPENABLE, LTD.**

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 9/28/07

MICROFILM SEP 28 2007

Upon the complaint of Paladyne Systems, Inc. ("Paladyne"), the declaration of Sameer Shalaby, dated September 27, 2007, together with annexed exhibits, the declaration of Vladimir Agranov, dated September 27, 2007, and the accompanying memorandum of law, it is

✓ ORDERED, that the above named defendant show cause before this Court on the 2nd day

✓ of October, 2007, at 3:00 o'clock pm that day, or as soon thereafter as counsel can be heard, at Room

✓ 1320, United States Courthouse, 500 Pearl Street, New York, New York, why a preliminary injunction should not be entered, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining defendant STPenable, Ltd., and its directors, officers, agents, servants, affiliates, employees, and attorneys, and those persons in active concert or participating with them (collectively, "Defendant") from (1) using or disclosing Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy, in any manner, except as is necessary and authorized in connection with the performance of STPenable's obligations to Paladyne under its November 1, 2005 Solution Integrator Agreement with Paladyne ("Agreement"); (2) selling, licensing, offering for sale or license, promoting or exploiting any product, technology or service based on or incorporating any of Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy; (3) developing, consulting or advising concerning any software or other products for any third person where such activities would be based on or derived from Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy; and (4) possessing, using, disclosing, or transmitting for any purpose, including solicitation, any confidential, proprietary or trade secret information contained in or derived from records or data of Paladyne, including Paladyne Security Master and Golden Copy, except as is necessary and authorized in connection with the performance of STPenable's obligations to Paladyne under the Agreement; and it is

*[handwritten insertion:]* ORDERED that opposing papers shall be filed by noon on October 2, 2007, with two courtesy copies hand delivered to chambers at the same time, and it is further

further ~~It is further~~

ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, pending further order of this Court, the hearing of the motion for preliminary injunction, or until ten (10) business days from the date hereof, unless extended, whichever shall occur first, Defendant is temporarily restrained and enjoined from (1) using or disclosing Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy, in any manner, except as is necessary and authorized in connection with the performance of STPenable's obligations to Paladyne under the Agreement; (2) selling, licensing, offering for sale or license, promoting or exploiting any product, technology or service based on or incorporating any of Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy, (3) developing, consulting or advising concerning any software or other products for any third person where such activities would be based on or derived from Paladyne's trade secrets or confidential information, including Paladyne Security Master and Golden Copy, and (4) possessing, using, disclosing, or transmitting for any purpose, including solicitation, any confidential or proprietary information contained in or derived from records or data of Paladyne, including Paladyne Security Master and Golden Copy, except as is necessary and authorized in connection with the performance of STPenable's obligations to Paladyne under the Agreement; and it is further

ORDERED that ~~the requirement for security be waived in view of the low risk of harm to defendant in maintaining the status quo (i.e., preventing the improper use and disclosure of confidential, proprietary and trade secret~~ *[handwritten:]* Security in the amount of $10,000 shall be posted, either in the form of a bond or counsel's check, no later than 4:00 pm on October 1, 2007 information from Paladyne); and it is further

ORDERED, that service upon Defendant of a copy of the summons and complaint and this order, together with the papers upon which it was granted, to STPenable or its counsel, at *[handwritten:]* or Mr. Wynter

- 3 -

their respective business address, ~~via overnight delivery~~ by email, on or before ~~the ___ day of October,~~ 2:00pm EST on September 28, 2007, shall be deemed good and sufficient service.

DATED: New York, New York.

September 28, 2007.
11:33 am

_Loretta A. Preska_
U.S. District Judge

The issuance of the TRO is based on the Court's finding that Plaintiff has demonstrated a likelihood of success on the merits of its claim that Defendant has misappropriated its confidential information and trade secrets and that, absent a TRO, Plaintiff will be irreparably injured.

- 4 -