David Spears
Debra Karlstein
Sara L. Shudofsky
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010
Tel.: (212) 213-6996
Fax: (212) 213-0849

Scott D. Baker
Emily B. Kirsch
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PALADYNE SYSTEMS, Inc., a Delaware                Case No. 07 CIV 8421 (LAP)
Corporation,

                Plaintiff,                **STIPULATION AND**
                                                  **ORDER OF SETTLEMENT**
      v.                                        **AND DISMISSAL**

STPENABLE, LTD., a United Kingdom
Company,

                Defendant.

------------------------------------------------------------x

WHEREAS, on or about September 27, 2007, plaintiff Paladyne Systems, Inc.

("Paladyne") filed a Notice of Arbitration before the International Institute for Conflict

Prevention and Resolution ("CPR"), thereby initiating an arbitration proceeding (the

"Arbitration") against defendant STPenable, Ltd. ("STPenable") pursuant to provisions of the

Solution Integrator Agreement between Paladyne and STPenable dated November 1, 2005 (the

"Agreement"), under which disputes arising under the Agreement are to be resolved through

arbitration before CPR;

NYLIB-462053.7-EBKIRSCH

WHEREAS, on or about September 28, 2007, for purposes of seeking temporary injunctive relief in aid of the Arbitration, Paladyne filed a complaint in this Court against STPenable, alleging misappropriation of trade secrets, breach of written agreement, and common law unfair competition;

WHEREAS, on or about September 28, 2007, Paladyne moved *ex parte* before this Court by Order to Show Cause for preliminary injunctive relief, and following a telephone conference with David Wynter ("Wynter") and counsel for Paladyne, the Court granted a temporary restraining order;

WHEREAS, both parties thereafter submitted full briefing on Paladyne's motion for a preliminary injunction;

WHEREAS, on October 29, 2007, the Court held the first day of a hearing on Paladyne's motion, at which witnesses testified and documents were moved into evidence;

WHEREAS, on November 1, 2007, upon completion of Wynter's direct examination, STPenable withdrew its opposition to the preliminary injunctive relief sought by plaintiff, and consented to the entry of preliminary injunctive relief pending resolution of the Arbitration;

WHEREAS, on November 2, 2007, the Court entered preliminary injunctive relief pending resolution of the Arbitration and the instant action;

WHEREAS, STPenable has not yet filed a Notice of Defense or a Notice of Counterclaims in connection with the Arbitration; and

WHEREAS, STPenable, Wynter, and Paladyne have determined that settlement of this action and of the Arbitration is in their interests;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order"), as follows:

Licensing to Paladyne of the Transformer Source Code and Its Templates

1.     STPenable shall sell to Paladyne a non-exclusive perpetual license to use, alter, modify, create derivative works from, resell, and sublicense on an unlimited basis the source code and all templates of STPenable's Transformer product together with certain support services for the sum of One Hundred and Twenty-Five Thousand Dollars ($125,000.00), which price shall be offset by the Twenty-Five Thousand Dollars ($25,000.00) owed by STPenable to Paladyne pursuant to paragraph 11 below. Simultaneous with the execution of this Stipulation and Order, STPenable and Paladyne will execute a license agreement for the source code and templates of STPenable's Transformer product in the form attached hereto as Exhibit A.

2.     Wynter will provide training services to Paladyne in connection with the license of the Transformer source code and its templates for a period of four (4) months, broken down as follows: Wynter shall provide full-time training (minimum of eight (8) hours per day) to Paladyne for ten (10) business days (the precise days to be worked out reasonably by the parties in accordance with Exhibit A). For the remainder of the four-month period, Wynter will be on-call to Paladyne to consult on various issues that may arise (the precise times to be worked out reasonably by the parties in accordance with Exhibit A), but Wynter will not be required to provide more than fifteen (15) hours per week in consultation with Paladyne. These and all other terms relating to the Transformer source code and template license are more fully set forth in Exhibit A.

The Creation and Use by STPenable of an Independent Golden Copy

3.     At any time following entry of this Stipulation and Order, STPenable may contract with an independent third party to create a new golden copy database based upon the elements and attributes as defined using the market data definition language ("mddl") 3.0 beta standard. The selection of the independent third party and the terms of the contract with such third party shall be subject to the approval of Paladyne, but such approval may not be

unreasonably withheld, conditioned, or delayed. Paladyne will thereafter monitor the independent creation of the new golden copy database in a fair, reasonable, and expeditious manner. STPenable will document the independent development of the golden copy database for each stage of its development. The ultimate approval of the independent development of the golden copy database shall be within Paladyne's discretion and may only be provided in writing (the "Golden Copy Approval"). Paladyne may not, however, unreasonably withhold its approval at any stage of the development of the golden copy database or upon completion of the golden copy database, and Paladyne may not unreasonably delay any stage of the development of the golden copy database or its ultimate Golden Copy Approval. Subject to the provisions set forth in this paragraph and in paragraphs 8 and 10 below, STPenable and Wynter will not begin to market, sell, or use the newly created golden copy database until Paladyne has provided the Golden Copy Approval to STPenable. In the event that Paladyne and STPenable disagree about the independent development of the golden copy database, STPenable may, at its sole option, retain a third party that is mutually agreeable to both STPenable and Paladyne to review all independent development material and development (a "Third Party Reviewer"). Paladyne's approval of the Third Party Reviewer may not be unreasonably withheld. If the Third Party Reviewer confirms in writing to Paladyne that the golden copy database was in fact independently created, Paladyne will promptly provide the Golden Copy Approval. If the Third Party Reviewer does not confirm in writing that the golden copy database was independently developed, then Paladyne's refusal to provide the Golden Copy Approval shall not have been unreasonable. The cost of the Third Party Reviewer will be borne equally by STPenable and Paladyne.

4.      Subject to the terms and conditions set forth in paragraph 3 above, and with the exceptions set forth in paragraphs 8 and 10 below, STPenable and Wynter will be free to use the

independently created golden copy database for any purpose as soon as Paladyne has provided the Golden Copy Approval to STPenable.

The STPenable Database

5.     Beginning in 2006, STPenable and Wynter marketed and sold a golden copy database model that is the subject of this lawsuit and of the Arbitration (the "STPenable Database").

6.     STPenable and Wynter hereby represent that they provided versions of the STPenable Database (containing only non-material modifications) to each of (a) Lipper Limited ("Lipper") in or about August 2006 and (b) Advent Software, Inc. ("Advent") in or about April 2007, and to no one else.

7.     Upon entry of this Stipulation and Order, STPenable and Wynter will destroy the STPenable Database and any related golden copy materials in their possession and agree not to market, use or sell the STPenable Database.

STPenable's and Wynter's Relationship With Advent

8.     For a period of three (3) years from the date of entry of this Stipulation and Order, STPenable and Wynter will not knowingly:  (a) directly or indirectly (including through an intermediate agent or company) provide any support, whether compensated or non-compensated, to Advent; (b) directly or indirectly (including through an intermediate agent or company) perform any consulting of any nature, whether compensated or non-compensated, to Advent; (c) directly or indirectly (including through an intermediate agent or company) engage in any employment relationship with Advent; (d) directly or indirectly (including through an intermediate agent or company) provide Advent with any additional software, replacement

software, or updates or modifications; or (e) enter into any agreement with Advent involving the sale of STPenable's business.

9.      Upon entry of this Stipulation and Order, STPenable and Wynter will send a letter to Advent informing Advent of the nature of this Action and the Arbitration; informing Advent of this Stipulation and Order; requesting that Advent return or destroy the STPenable Database and any related golden copy materials that STPenable and Wynter delivered to Advent; and informing Advent that, pursuant to the Stipulation and Order, they will provide Paladyne with any response provided by Advent to their letter.  STPenable and Wynter will promptly notify Paladyne that they have sent such a letter, and will provide Paladyne with a copy of any response provided thereto by Advent.  In addition, upon entry of this Stipulation and Order, undersigned counsel for STPenable will send a letter to Advent stating that, pursuant to the terms of this Stipulation and Order, counsel is requesting that Advent return the STPenable Database and all related golden copy materials that STPenable and Wynter provided to Advent.

Non-Compete Period Within the Hedge Fund Industry

10.     For a period of nine (9) months from the date of entry of this Stipulation and Order, STPenable and Wynter will not engage in any kind of golden copy or security master work in the hedge fund industry (which includes prime brokers, fund administrators, hedge funds, registered investment advisors, asset managers, and fund of hedge funds).

STPenable's Fulfillment of Its Contractual Arrangement with Lipper Ltd.

11.     Upon execution by the parties of this Stipulation and Order, STPenable will be permitted to satisfy all of its remaining obligations under the terms of the May 2006 contract between Lipper and STPenable (the "Lipper Contract").  STPenable will pay to Paladyne a portion of its revenues from the Lipper Contract in the amount of Twenty-Five Thousand Dollars ($25,000.00).

12.     Paladyne may offset the Twenty-Five Thousand Dollars ($25,000.00) owed to it by STPenable under paragraph 11 above from the amount due to STPenable pursuant to the Transformer license agreement as provided in paragraph 1 and Exhibit A.

13.     Within three (3) months of receipt of Paladyne's Golden Copy Approval, STPenable will substitute the independently created golden copy for the golden copy database that is currently being used in connection with the Lipper Contract. STPenable will confirm in writing that this substitution has occurred. Thereafter, STPenable and Wynter will not make use in any way of the golden copy model originally provided to Lipper under the terms of the Lipper Contract and will deliver this product to Paladyne, which shall have exclusive ownership of this returned product.

Signatories Bound and Jurisdictional Provisions

14.     Wynter consents to the jurisdiction of this Court in connection with this Stipulation and Order and agrees that he is bound by its terms in his individual capacity as well as in his capacity as principal of STPenable.

15.     This action and the Arbitration are hereby dismissed with prejudice, without costs or attorney's fees to any party.

16.     The Court shall retain jurisdiction to enforce the provisions of this Stipulation and Order for three (3) years following entry of the Stipulation and Order. Without limiting the generality of the foregoing, the signatories acknowledge and agree that paragraphs 1, 2, 8, 9, 10, 13 and 20 are injunctive provisions which are specifically enforceable by the Court, and the failure to comply with such provisions shall be subject to the contempt remedies of this Court.

Mutual General Releases

17.     Paladyne hereby releases STPenable and Wynter from any and all claims and liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to

this action and/or to the Arbitration and all claims incident thereto, including but not limited to any claims asserted by Paladyne in the complaint dated September 28, 2007, and in the Notice of Arbitration dated September 27, 2007. Nothing herein is intended to release STPenable or Wynter from any obligations under this Stipulation and Order and any exhibit hereto.

18.     STPenable and Wynter hereby release Paladyne from any and all claims and liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to this action and/or to the Arbitration and the negotiation, drafting and execution of this Stipulation and Order and all claims incident thereto, including but not limited to all claims that could have been brought as counterclaims in either this action or the Arbitration. Nothing herein is intended to release Paladyne from its obligations under this Stipulation and Order and any exhibit hereto.

General Provisions

19.     Nothing in this Stipulation and Order is intended as, or shall be construed as, a release by Paladyne of any third party or as a waiver of any of Paladyne's rights with respect to any third party, including Advent or Lipper, for any claims or liabilities arising directly or indirectly from the events, circumstances, or incidents giving rise to this action and/or to the Arbitration.

20.     Neither STPenable nor David Wynter shall disclose any proprietary confidential information that was disclosed to them pursuant to the parties' previous relationship under the Agreement (the "Confidential Information"), including any Confidential Information relating to Paladyne's Security Master and golden copy database. Confidential Information shall not include any information that: (i) is or becomes public domain through no fault or act of the receiving party; (ii) is shown to be independently developed by the receiving party without the use of or reliance on the disclosing party's Confidential Information; or (iii) was provided to the receiving party under no duty of confidentiality to the disclosing party.

21.    This Stipulation and Order and the license agreement attached hereto as Exhibit A shall supersede the Agreement, and the Agreement shall be null and void and of no further effect.

22.    This Stipulation and Order shall be binding upon and inure to the benefit of all parties and their principals, agents, representatives, heirs, successors, and assigns.

23.    This Stipulation and Order and the exhibit hereto contain the entire agreement between the parties with respect to the subject matter of this action and of the Arbitration, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or counsel that are not included herein shall be of no force or effect.

Dated: London, England
         December 6, 2007

                                          STPenable, LTD

                                 By:  _____
                                          David Wynter

Dated: London, England
         December 6, 2007

                                      _____
                                      DAVID WYNTER, in his individual capacity

9

Dated:  New York, New York
        December 6, 2007

PALADYNE SYSTEMS, INC.

By: _____
    Sameer Shalaby

10

Approved as to form:

Dated:  New York, New York
       December 6, 2007

                          SPEARS & IMES LLP

By: _____
              David Spears
              Debra A. Karlstein
              Sara L. Shudofsky
              51 Madison Avenue
              New York, New York  10010
              (212) 213-6996

              *Attorneys for Defendant STPenable, Ltd.*

11

Approved as to form:

Dated:  New York, New York
        December 6, 2007

                                        REED SMITH LLP


                                  By:   _____
                                        Scott D. Baker
                                        Emily B. Kirsch
                                        599 Lexington Avenue
                                        New York, NY  10022-7650
                                        (212) 521-5400

                                        Of Counsel:
                                        William R. Overend
                                        REED SMITH LLP
                                        Two Embarcadero Center, Suite 2000
                                        San Francisco, CA  94120
                                        (415) 543-8700

                                        *Attorneys for Plaintiff Paladyne Systems, Inc*

**SO ORDERED.**

December ____, 2007

_____
Honorable Loretta A. Preska,
United States District Judge